**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LINCOLN DAVE LEVYS, JR. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1819 |
| | ) | Judge David Stewart Cercone/ |
| v. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| JENNIFER DIGIOVANNI *District Attorney,* | ) | |
| *Allegheny County District Attorney Office* and | ) | |
| JOSEPH K. WILLIAMS, III, *Judge at the* | ) | |
| *Allegheny County Court of Common Pleas* | ) | |
| *both individual and official capacity at all* | ) | |
| *times mentioned herein,* | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act, Plaintiff's Complaint be dismissed before being served because the Complaint fails to state a claim upon which relief can be granted.

### II. REPORT

Lincoln D. Levys, Jr. ("Plaintiff") is currently incarcerated at the Allegheny County Jail ("ACJ") after having been convicted of, inter alia, Third Degree Murder on October 3, 2016 in a

non-jury trial before the Honorable Joseph K. Williams of the Court of Common Pleas of Allegheny County.[3]

Plaintiff has filed a civil rights complaint (the "Complaint") naming two Defendants: i.e., Judge Williams and Jennifer DiGiovanni, the Deputy District Attorney who prosecuted Plaintiff. Plaintiff makes one basic claim, that the state courts lacked subject matter jurisdiction over him to criminally prosecute him and that the Defendants, knowing that the court lacked such jurisdiction, nonetheless conspired to prosecute him and convict him. ECF No. 4 at 5, ¶ 12 ("Conspiracy between both defendants Williams and DiGiovanni. . . . therefore it was and is a conspiracy between defendants to usurp an unlawful jurisdiction where none existed."). Plaintiff also claims that Defendant DiGiovanni committed fraud upon the court when she certified in open court during the criminal proceedings that the charges against Plaintiff were constitutional. Id. at 2, ¶ IV.C.

By way of relief, Plaintiff seeks monetary damages as well as an order from this Court "[g]ranting Plaintiff immediate relief from illegal confinement." Id. at ¶ VI.

Because success in this suit would necessarily imply the invalidity of Plaintiff's conviction, the Complaint must be dismissed under Heck v. Humphrey, 512 U.S. 477 (1994).

---

[3] The Court takes judicial notice of the dockets of the Court of Common Pleas of Allegheny County in Commonwealth v. Levys, No. CP-02-CR-0003962-2015, which is Plaintiff's criminal case that forms the basis for this civil action in this Court, available at:

https://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-02-CR-0003962-2015

(site last visited 1/6/2017).

## A. RELEVANT PROCEDURAL HISTORY

Plaintiff was convicted of his crimes, which form the basis of this lawsuit, on October 3, 2016. Pursuant to the prisoner mail box rule, Plaintiff did not file the present lawsuit until, at the earliest, November 22, 2016, the date he signed his in forma pauperis motion, which was after he was convicted. Cromwell v. Keane, 27 F. App'x 13 (2d Cir. 2001) (for prisoner mail box rule, a prisoner is deemed to file his pleading on the date which he hands it to prison officials for mailing; in the absence of evidence as to when this is, the court should deem the date whereon the prisoner signed his IFP application as the date whereon he handed his pleading to the prison officials). At the time of the initiation of this civil action, Plaintiff was a prisoner at the ACJ. Plaintiff is proceeding *pro se*. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (the "IFP Motion"), was eventually granted after he cured some deficiencies in the IFP Motion. ECF No. 7. Thereafter, Plaintiff's Complaint was filed. ECF No. 8.

## B. APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners, in an effort to curb the increasing number of frivolous and harassing lawsuits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status, and/or because Plaintiff is a prisoner suing government employees, the screening provisions of the PLRA apply. See 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that − (A) the allegation of

3

poverty is untrue;  or  (B) the action or appeal  −  (i) is frivolous or malicious;  (ii) fails to state a

claim on which relief may be granted;  or  (iii) seeks monetary relief against a defendant who is

immune from such relief."); 28 U.S.C. § 1915A ("[t]he court shall review, before docketing, if

feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.").

    In performing the Court's mandated function of sua sponte review of complaints under

28 U.S.C. §§ 1915(e) and 1915A to determine if they fail to state a claim upon which relief can

be granted, a federal district court applies the same standard applied to motions to dismiss under

Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Brodzki v. Tribune Co., 481 F. App'x 705

(3d Cir. 2012) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. §

1915(e)(2)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) ("the legal

standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to

the legal standard employed in ruling on 12(b)(6) motions.").

    As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550

U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if

it does not allege "enough facts to state a claim to relief that is plausible on its face."  Id. at 570

(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46

(1957)).   Under this standard, the court must, as a general rule, accept as true all factual

allegations of the complaint and all reasonable inferences must be viewed in the light most

favorable to plaintiff.  Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir.

1985).  In addition to the complaint, courts may consider matters of public record and other

matters of which a court may take judicial notice, court orders, and exhibits attached to the

complaint when adjudicating a motion to dismiss under Rule 12(b)(6).  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).  Moreover, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001).  The court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  In addition, the Court does not need to accept legal conclusions set forth as factual allegations.  Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S.  265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations of the Complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]"  Twombly, 550 U.S. at 555.  Or put another way, a complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the Complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972).

## C. DISCUSSION

Because Plaintiff's Complaint necessarily calls into question the validity of his conviction, he is barred from proceeding with this Complaint by the doctrine of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

In <u>Heck</u>, a state prisoner convicted of voluntary manslaughter brought a civil rights action against prosecutors and a police investigator, asserting that the defendants, acting under color of state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest; had knowingly destroyed evidence that could have proven Heck's innocence and caused an illegal voice identification procedure to be used at his state trial. <u>Id.</u> at 479. The United States Supreme Court rebuffed such an effort and held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

<u>Id.</u> at 486-87 (footnote omitted).

Because success in establishing that the Defendants conspired against him to try and convict him in an court that lacked jurisdiction to do so, and that the prosecutor "fraudulently" certified that the charges were constitutional would necessarily render his convictions invalid, the reasoning of <u>Heck</u>, renders Plaintiff's claims non-cognizable in this action absent an invalidation of those convictions.[1]

---

[1] The fact that Plaintiff herein is apparently seeking in addition to damages, injunctive relief, in the form of an order directing his immediate release, does not render the rule of <u>Heck</u>

(. . . footnote continued)

## III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that Plaintiff's Complaint be dismissed before being served because the Complaint fails to state a claim upon which relief can be granted.[4]

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Date: January 12, 2017

cc: The Honorable Stewart Cercone
United States District Judge

---

inapplicable. See, e.g., Eubank v. Ghee, 202 F.3d 268 (Table) 1999 WL 1045238, at *1 (6th Cir. 1999) ("The holding in Heck applies regardless of whether the plaintiff seeks injunctive or monetary relief."); Moreno v. California, 25 F.Supp.2d 1060, 1062 (N.D. Cal. 1998)("This [Heck] holding has been extended to civil rights actions seeking declaratory or injunctive relief as well as damages.").

[4]  In light of the clear Heck bar, any amendment of the Complaint to attempt to cure the defects would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

LINCOLN D. LEVYS
#175271
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219