# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINCOLN DAVE LEVYS, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:16cv1819 |
| v. ) | Electronic Filing |
| ) | |
| JENNIFER DIGIOVANNI *District Attorney,* ) | Judge David Stewart Cercone / |
| *Allegheny County District Attorney Office* and ) | Chief Magistrate Judge Maureen P. Kelly |
| JOSEPH K. WILLIAMS, III, *Judge at the* ) | |
| *Allegheny County Court of Common Pleas* ) | |
| *both individual and official capacity at all* ) | |
| *times mentioned herein,* ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

The above-captioned prisoner civil rights complaint was received by the Clerk of Court on December 6, 2016, and was referred to Chief United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges.

Chief Magistrate Judge Kelly, in a Report and Recommendation (the "Report"), ECF No. 9, filed on January 12, 2017, recommended that the Complaint be dismissed pre-service pursuant to the Prison Litigation Reform Act for failure to state a claim upon which relief can be granted. Service of the Report was made on the Plaintiff at his address of record. Plaintiff was given until January 30, 2017 to file any objections. Plaintiff's objections were docketed on January 26, 2016. ECF No. 10. After review, the Court finds that none of the objections merits rejection of the Report or extended comment.

Plaintiff complained that the Defendants lacked subject matter jurisdiction to criminally charge and convict him and that, knowing this, they nevertheless conspired to do so. The Report found that Plaintiff's civil rights claim against the Defendants was barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994) because if Plaintiff were successful in this civil rights action, it would necessarily call into question the validity of his conviction.

In his Objections, Plaintiff argues somewhat confusingly, that the Report's reliance on Heck, is misplaced: "this is False and inaccurate on its face. Plaintiff specifically never stated anything about a conviction because first and foremost he was not even present at trial. Plaintiff calls in light the unconstitutionality of the entire proceedings in which defendants deprived him of equal protection of the law by charging him with an invalid law/indictment." ECF No. 10 at 2. Plaintiff's Objections only confirms the validity of the Report's reliance on the Heck doctrine to dismiss the Complaint.

Moreover, to the extent that any of the Plaintiff's claims would not necessarily call into question the validity of his conviction, the Rooker-Feldman doctrine would bar such claims because this civil rights action would necessarily have this Court act as an appellate court to the Court of Common Pleas of Allegheny County wherein Petitioner's conviction was obtained.

Accordingly, after *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 16th day of February, 2017;

IT IS HEREBY ORDERED that the Complaint is dismissed with prejudice pursuant to the Prison Litigation Reform Act for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. 9, filed on January 12, 2017, by Chief Magistrate Judge Kelly, is adopted as the opinion of the Court. The Clerk is to mark the case closed.

Lastly, the Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith.

*[signature]*

David Stewart Cercone
United States District Judge

cc: The Honorable Maureen P. Kelly
Chief United States Magistrate Judge

Lincoln D. Levys
MV2607
SCI Camp Hill
PO Box 200
Camp Hill, PA 17001-0200
(*Via First Class Mail*)